IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MATTHEW WHITMAN, *individually and on behalf of those similarly-situated*,<br><br>Plaintiff,<br><br>v.<br><br>PRIORITY WRECKER SERVICE, INC., and JONATHAN MAYE,<br><br>Defendants. | Case No.   3:23-cv-00076<br><br>**JURY TRIAL DEMANDED** |

**AMENDED COLLECTIVE ACTION COMPLAINT
UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C § 201 *Et. Seq.***

Comes Matthew Whitman, by and through counsel, and, pursuant to Fed. R. Civ. Pro. 15(a)(1), for his Amended Collective Action Complaint Under the Fair Labor Standards Act, 29 U.S.C. § 201 *Et. Seq.* ("FLSA") against Defendants Priority Wrecker Service, Inc. ("Priority") and Jonathan Maye ("Maye), states as follows:

### I.   Introduction to the Action

1. Defendant Priority has a common practice of withholding employees' last paychecks, including the portion of the last paycheck constituting overtime compensation to which the employee is entitled under the FLSA for work performed in excess of forty hours in a workweek, thereby violating both the minimum wage and overtime provisions of the FLSA. Defendant Priority withheld the final paychecks of Plaintiff Matthew Whitman and other similarly-situated employees, and Defendant Maye owns and runs Defendant Priority, and caused Defendant Priority to do so.  Because Defendants' violations of the FLSA were willful and not in good faith, Defendant should be required to pay Plaintiff and the similarly-situated employees two times the

amount[1] it illegally cheated them in unpaid overtime compensation, plus attorney's fees and other expenses of this action. Plaintiff and the similarly-situated employees should also be granted relief under state law.

## II. Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims arise under federal law, including 29 U.S.C. § 216(b).

3. This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under Tennessee common law because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA

4. Venue is proper in this District under 28 U.S.C. § 1391(b), including because Defendant Priority employed Plaintiff to work within the District of this Court and the work of Plaintiff and the similarly-situated employees (for which payment was withheld) was performed within the District of this Court.

## III. Parties

5. Plaintiff is an individual resident of the State of Tennessee; Plaintiff's Consent to Join this action was attached to the initial Complaint in this matter as Exhibit 1.

---

[1] The FLSA allows an employee to recover two times the amount of unpaid overtime compensation under these circumstances. 29 U.S.C. § 216(b) ("[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their … their unpaid overtime compensation, … and in an additional equal amount as liquidated damages…. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.")

6. Throughout his employment with Priority, Plaintiff resided and worked for Defendant in the State of Tennessee and his work was governed by the FLSA, as discussed in more detail in Section IV(D) below.

7. Defendant Priority Wrecker Service, Inc. is an Illinois for-corporation; upon information and belief Defendant Priority Wrecker Service, Inc. may be served by service of process on its Registered Agent, Jonathan Maye, at 105 Morning Mist Ln., Franklin, TN 37064 or at Defendant Priority's place of business within the state of Tennessee, 7009 Westbelt Drive, Nashville, TN 37209.

8. Defendant Jonathan Maye is and has at all relevant times been the owner and manager of Defendant Priority; Defendant Maye may be served at 105 Morning Mist Ln., Franklin, TN 37064 or at Defendant Priority's place of business within the state of Tennessee, 7009 Westbelt Drive, Nashville, TN 37209.

9. During all times relevant, Defendant was an employer governed by the FLSA; it was an enterprise covered by the FLSA, as discussed in more detail in Section IV(D) below.

10. Defendant has employed in the last three years of this non-exempt employees in the state of Tennessee and, like Plaintiff, deprived those employees of overtime compensation owed under the FLSA by improperly withholding paychecks including overtime compensation.

## IV. Facts

### A. Plaintiff Worked More Than 40 Hours For Priority in Numerous Weeks

11. Throughout his employment, Plaintiff worked a position that was non-exempt under the Fair Labor Standards Act.

12. Specifically, Plaintiff worked for Defendant Priority driving tow trucks as part of Defendant Priority's towing business.

13. Priority paid Plaintiff an hourly rate for Plaintiff's work for Priority.

14. Priority's own records demonstrate that Plaintiff worked for Priority more than 40 hours in many workweeks.

15. Priority had Plaintiff and the similarly-situated employees clock in and out using a timeclock and reported time worked by Plaintiff and the similarly-situated employees.

16. When Plaintiff and the similarly-situated employees would work more than 40 hours, as shown on Defendant Priority's timeclock's records, Defendant Priority would generally pay Plaintiff and the similarly-situated employees overtime compensation at a rate of one and one-half times the base rate of pay for the number of hours shown as having been worked in excess of 40 hours in the workweek.

17. Indeed, upon information and belief, Defendant Priority classified in its own records Defendant and the similarly-situated employees as non-exempt under the FLSA and entitled to overtime compensation.

### B. Defendants Improperly Withheld Final Paycheck(s) from Plaintiff and Numerous Other Employees.

18. When Defendant realized that Plaintiff was no longer going to continue to be employed by Defendant, Defendant's withheld Plaintiff's final paychecks.

19. Attached to the initial Complaint in this matter as Exhibits 2 and 3 are Defendant's records relating to time worked by Plaintiff for the workweeks from September 11, 2022 to September 17, 2022, September 18, 2022 to September 24, 2022

20. In these weeks, Plaintiff worked 47.75 and 60.75 hours, respectively.

21. Defendants paid Plaintiff nothing for these weeks of work.

22. Upon information and belief, there was an additional week of work beyond that depicted in Exhibits 2 and 3, in which Plaintiff worked more than 40 hours, but Plaintiff also was not paid for this week.

23. Upon information and belief, one of the payments that Plaintiff should have received for his work was underway, but Defendants caused the payment to be reversed and the funds withdrawn back from Plaintiff after Defendants learned Plaintiff would no longer be working for Defendant Priority.

24. Defendants have withheld the paychecks of numerous similarly-situated employees who, like Plaintiff, worked for Defendant, or were paid on an hourly basis, worked overtime compensation in their final weeks of work, but did not receive compensation, including overtime compensation for the final weeks of work because Defendants withheld those employees' final paycheck(s).

C. **The FLSA Applies to the Work of the Employees Because Defendant is Subject to the FLSA Enterprise Coverage Provisions.**

25. Priority is an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203.

26. Specifically, at all relevant times, Priority has employed two or more employees who have, as part of their work, handled or worked on goods and/or materials that have previously been moved in and/or produced in interstate commerce by other persons.

27. Even more specifically, upon information and belief, the tow trucks driven by Plaintiff and the other employees were manufactured outside of the state of Tennessee or otherwise moved in interstate commerce by persons other than Defendant Priority's employees prior to the time Defendant's employees utilized those tow trucks within the state of Tennessee.

28. Upon information and belief, at all relevant times, Defendant's annual gross volume of sales made or business done has exceeded $500,000.00.

29. The unlawful acts alleged in this Complaint were committed by Defendant and/or its officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

### D. Defendant Maye Directed and Controlled Defendant Priority in its Violations of the FLSA.

30. Defendant Maye owned and controlled Defendant Priority and caused Defendant Priority to withhold the final paychecks, including compensation for overtime work performed.

31. Accordingly, Defendant Maye was a joint employer with Defendant Priority, as the term employer is defined under the FLSA; therefore, Defendant Maye should be held jointly liable to Plaintiff and the similarly-situated employees for Defendant Priority's violations for the FLSA.

### V. Collective Definitions

32. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following proposed collective group.

> All employees of Priority Wrecker Service, Inc. who were paid on an hourly basis and worked in excess of 40 hours in one or more workweeks since January 17, 2020 and were not fully paid all overtime compensation owed because Priority Wrecker Service, Inc. did not pay one or more final paycheck(s) to such employee.

33. Plaintiff reserves the right to redefine the proposed collective group prior to notice and/or "de-certification" of the collective group, as may be warranted, appropriate and/or necessary.

## VI. Collective Action Allegations

34. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

35. Plaintiff desires to pursue his FLSA claims on behalf of himself individually and on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b.

36. Plaintiff and the FLSA Collective are "similarly-situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime compensation for hours worked over forty (40) during the workweek.

37. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common employee classification, compensation, timekeeping and payroll practices, and practices relating to withholding of final paychecks.

38. Specifically, Defendant failed to compensate Plaintiff and the similarly-situated employees for all overtime hours worked and failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for all hours worked in excess of forty (40) per workweek.

39. The similarly-situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records.

40. The similarly-situated employees may be readily notified of the instant litigation through direct means, such U.S. mail, email and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime violations, liquidated damages (or, alternatively, interest), and

attorneys' fees and costs under the FLSA.[2]

## COUNT I

**Violation of the FLSA: Failure to Properly Pay Overtime Compensation**
**(On Behalf of Plaintiff and the FLSA Collective)**

41. All previous paragraphs are incorporated as though fully set forth herein.

42. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate. *See* 29 U.S.C. § 207(a)(1).

43. Defendant is subject to the wage requirements of the FLSA because Defendant is an employer under 29 U.S.C. § 203(d).

44. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45. During all relevant times, Plaintiff and the members of the FLSA Collective were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

46. During all relevant times, Plaintiff and the Collective Members were not exempt from the requirements of the FLSA.

47. Plaintiff and the Collective Members each worked more than forty (40) hours in one or more workweeks without overtime compensation and are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. §

---

[2] To ensure that Defendant is aware, with respect to Plaintiff and individuals who opt-in to this action who incur damages after the filing of this action as a result of Defendant continuing its illegal practices after the filing of this Complaint, (a) such damages will be sought in this action and (b) such continuation will be used as further evidence of Defendant's willfulness in violating the FLSA prior to the filing of this action.

207(a)(1) and 29 C.F.R. § 778.112.

48. Defendant knowingly failed to properly compensate Plaintiff and the Collective Members for all hours worked when they worked in excess of forty (40) hours per week, including by failing to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

49. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

50. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II

**Violation of the FLSA: Failure to Properly Pay Minimum Wage Compensation
(On Behalf of Plaintiff and the FLSA Collective)**

51. All previous paragraphs are incorporated as though fully set forth herein.

52. By withholding the final paychecks of Plaintiff and the similarly-situated employees, Defendants caused Plaintiff and the similarly-situated employees to receive no compensation at all for the final pay period(s) to which the withheld checks would have related.

53. Accordingly, Plaintiff and the similarly-situated employees were paid less than the minimum wage required under the FLSA during those periods.

54. Defendants' payment to Plaintiff and the similarly-situated employees of less than minimum wage constituted a violation of the FLSA.

## COUNT III

### Conversion

55. All previous paragraphs are incorporated as though fully set forth herein.

56. Defendants' acts of withholding employees' final paychecks, including Defendants' acts of reversing payments already under way, constituted conversion of the property of the Plaintiff and the similarly-situated employees.

57. Defendants' acts of conversion caused Plaintiff and the similarly-situated employees damages.

58. Defendants' acts of conversion were intentional and/or malicious, and, accordingly, the Court should award Plaintiff and the similarly-situated employees punitive damages in an amount sufficient to deter Defendant and similarly-situated employers from engaging in similar acts of wrongdoing in the future.

## COUNT IV

### Breach of Contract

59. All previous paragraphs are incorporated as though fully set forth herein.

60. Defendant Priority agreed to pay Plaintiff and the similarly-situated employees compensation based on their hourly work at an hourly rate of pay, with a higher rate of compensation to be paid for working in excess of 40 hours per week.

61. After Plaintiff and the similarly-situated employees had performed work, Defendant breached its agreement with the Plaintiff and the similarly-situated employees by withholding the final paycheck(s) of Plaintiff and the similarly-situated employees and refusing to pay Plaintiff and the similarly-situated employees for their work.

62. Defendant Priority's breach of contract caused Plaintiff and the similarly-situated employees damages.

## COUNT V

### Unjust Enrichment Failure to Pay For All Work Performed

63. All previous paragraphs are incorporated as though fully set forth herein.

64. Defendant's acceptance of the benefit of the work of Plaintiff and the similarly-situated employees, while Defendant failed to pay Plaintiff and the similarly-situated employees for all work performed, constitutes unjust enrichment; it would be unjust to not require Defendant to compensate Plaintiff and the similarly-situated employees for their work.

65. Plaintiff and the similarly-situated employees should be granted a judgment against Defendant for damages for Defendant's unjust enrichment, including the wages owed by Defendant for its failure to pay for all work performed and not covered under the FLSA (such as unpaid wages for hours worked and not compensated in weeks in which less than forty hours of work were performed, or for hours between the scheduled number of hours and forty hours per week when the Defendant only paid for the scheduled number of hours despite the employee working additional hours), plus pre-judgment interest thereon.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly-situated:

a. The issuance of process, and the bringing of Defendant before the Court;

b. An order directing Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. A jury trial on all issues of fact;

d. A judgment against Defendant in favor of Plaintiff and the members of the FLSA Collective for unpaid wages and compensatory damages and prejudgment interest to the fullest extent permitted under the law;

e. A judgment against Defendant in favor of Plaintiff and the members of the FLSA Collective for liquidated damages to the fullest extent permitted under the law;

f. A judgment against Defendant in favor of Plaintiff and the members of the FLSA Collective for litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law;

g. A judgment against Defendant in favor of Plaintiff and the members of the FLSA Collective for punitive damages and other relief authorized by state law for Defendants' acts of conversion and other violations of state law; and

h. Such other and further relief to which Plaintiff and the FLSA Collective are entitled or which this Court otherwise deems just and proper.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster (#023636)
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com
*Counsel for Plaintiff Matthew Whitman*